IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEATON INSURANCE COMPANY, formerly known as Unigard Mutual Insurance Company,<br><br>Plaintiff,<br><br>vs.<br><br>CENTURY INDEMNITY COMPANY (as successor to Insurance Company of North America) and CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA,<br><br>Defendants. | CA 07 478 ML<br><br>Civil Action No. 07- |

**COMPLAINT**

For its complaint, Plaintiff Seaton Insurance Company, formerly known as Unigard Mutual Insurance Company ("Seaton"), states as follows:

**PARTIES**

1. Seaton is an insurance company duly organized and existing under the laws of the State of Rhode Island, having its principal place of business in Rhode Island. Seaton was formerly known as Unigard Mutual Insurance Company ("Unigard") and has succeeded to all the rights and obligations of Unigard, including with respect to the reinsurance certificates that are the subject of this action. Seaton is licensed to conduct business in Rhode Island.

2. Defendant Century Indemnity Company ("Century") is an insurance and reinsurance company duly organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business in Philadelphia, Pennsylvania. Upon information and belief, Century is a member of the ACE Group of insurance companies and does business in Rhode Island.

3. Century has succeeded to all the rights and obligations of Insurance Company of North America ("INA"), including with respect to the reinsurance certificates that are the subject of this action. In its capacity as the successor of INA, Century shall be referred to herein as "Century/INA."

4. Defendant Central National Insurance Company of Omaha ("Central National") is a corporation organized and existing under the laws of the State of Nebraska, having its principal place of business in Omaha, Nebraska. Upon information and belief, Central National is also a member of the ACE Group of insurance companies and does business in Rhode Island.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that Seaton and Defendants are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391 because, among other things, a substantial part of the events or omissions giving rise to the claim occurred in Rhode Island, and Defendants are subject to personal jurisdiction in this judicial district.

## INTRODUCTION

7. This is an action for reinsurance recoveries under certain certificates of facultative reinsurance that Defendants issued to Seaton. Those recoveries are related to payments made by Seaton under certain umbrella and excess insurance policies issued to its underlying policyholders. Seaton also requests declarations that Defendants are required to indemnify Seaton for additional amounts due under the facultative reinsurance certificates at issue as these amounts are paid by Seaton and presented to Defendants for reimbursement.

## COUNT I

### AGAINST DEFENDANT CENTURY/INA (DECLARATORY JUDGMENT IN FAVOR OF SEATON WITH RESPECT TO THE UNION CARBIDE CLAIM)

8. Seaton incorporates herein by reference the allegations of Paragraphs 1 through 7 above, as if fully set forth herein.

9. For the period from February 1, 1973 to February 1, 1976, Seaton issued an excess umbrella liability insurance policy to Union Carbide Corporation ("Union Carbide").

10. For the period from February 1, 1973 to February 1, 1976, Century/INA issued to Seaton a Certificate of Facultative Reinsurance, reinsuring Seaton for specified portions of the risk under the excess umbrella policy Seaton issued to Union Carbide. A copy of that facultative certificate is attached hereto at Exhibit A.

11. Among other things, the facultative reinsurance certificate provided by Century/INA states that:

a. "[T]he liability of [Century/INA] . . . shall follow that of [Seaton] and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of [the reinsured excess umbrella liability policy]."

b. "All claims involving this reinsurance, when settled by [Seaton], shall be binding on [Century/INA] which shall be bound to pay its proportion of such settlements."

c. "Payment of its proportion of loss and expense paid by [Seaton] will be made by [Century/INA] to [Seaton] promptly following receipt of proof of loss."

12. The facultative reinsurance certificate states that "the liability of [Century/INA]" is "specified in Item 4 of said Declarations." In Item 4 of the Declarations, the facultative certificate states that the "Reinsurance Accepted" is "$1,000,000 CSL each occ.-agg. part of

$15,000,000 CSL each occ.-agg. excess of $5,000,000 CSL each occ.-agg. which is excess of underlying insurance."

13. Pursuant to the terms of the reinsured excess umbrella liability policy, Seaton indemnified Union Carbide for a certain claim.

14. In accordance with the terms of the Century/INA facultative certificate, Seaton billed Century/INA for its proportion of such payments. Seaton submitted no fewer than 71 invoices to INA for approximately $3,012,581.20, which represents Century/INA's proportional share of indemnity payments made by Seaton to Union Carbide under the reinsured excess umbrella liability policy.

15. Century/INA has failed and refused to pay any amounts demanded by Seaton in connection with the Union Carbide claim.

16. Seaton is entitled to a declaratory judgment, pursuant to 28 U.S.C. § 2201, *et seq.*, for the purpose of determining its rights with respect to the actual controversy between the parties set forth above and, in connection with this request, Seaton has no adequate remedy at law.

17. Seaton demands a declaration that Century/INA is bound under the facultative certificate to pay its reinsured share of any and all amounts paid or to be paid in the future by Seaton under the reinsured excess umbrella contract in connection with the Union Carbide claim at issue.

## COUNT II

### AGAINST DEFENDANT CENTURY/INA (BREACH OF CONTRACTUAL OBLIGATION TO SEATON WITH RESPECT TO THE UNION CARBIDE CLAIM)

18. Seaton incorporates herein by reference the allegations of Paragraphs 1 through 17 above, as if fully set forth herein.

19. Century/INA has improperly failed to make payment on the invoices submitted to date by Seaton under the facultative certificates for Century/INA's share of amounts paid by Seaton under the reinsured excess umbrella liability contract in connection with the Union Carbide claim at issue.

20. By improperly failing to make any such payments, Century/INA has breached the contractual obligations that it owes to Seaton under the facultative certificate.

21. Century/INA presently owes the total principal amount of $3,012,581.20 to Seaton under the facultative certificate with respect to the Union Carbide claim at issue.

22. Seaton has been damaged by Century/INA's breaches.

## COUNT III

### AGAINST DEFENDANT CENTURY/INA (DECLARATORY JUDGMENT IN FAVOR OF SEATON WITH RESPECT TO THE CHAMPION INTERNATIONAL CLAIM)

23. Seaton incorporates herein by reference the allegations of Paragraphs 1 through 22 above, as if fully set forth herein.

24. For the period from October 31, 1973 to October 31, 1976, Seaton issued an excess umbrella liability insurance policy to Champion International Corporation ("CIC").

25. For the period from June 18, 1975 to October 1, 1976, Century/INA issued to Seaton a Certificate of Facultative Reinsurance, reinsuring Seaton for specified portions of the

risk under the excess umbrella policy Seaton issued to CIC. A copy of that certificate is attached hereto at Exhibit B.

26. Among other things, the facultative reinsurance certificate provided by Century/INA states that:

a. "[T]he liability of [Century/INA] specified hereon as Reinsurance Accepted shall follow that of the reassured and, except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of [Seaton's] policy."

b. "All claims settlements when authorized by Towers, Perrin, Forster & Crosby, Inc., shall be binding on [Century/INA] which shall be bound to pay its proportion of such settlements."

c. "Payment of its proportion of loss and expense paid by [Seaton] shall be made by [Century/INA] to [Seaton] promptly following receipt of proof of loss."

27. The facultative reinsurance certificate states that "the liability of [Century/INA]" is "specified hereon." In the "Memorandum of Reinsurance," the facultative certificate states that the "reinsurance accepted" is "$1,000,000 part of $4,000,000 CSL excess of $1,000,000."

28. Pursuant to the terms of the reinsured excess umbrella policy, Seaton indemnified CIC for a certain claim.

29. In accordance with the terms of the Century/INA facultative certificate, Seaton billed Century/INA for its proportion of such payments. To date, Seaton submitted an invoice to Century/INA for approximately $452.80, which represents Century/INA's proportional share of indemnity payments made by Seaton to CIC under the reinsured excess umbrella policy.

30. Century/INA has failed and refused to pay any amounts demanded by Seaton in connection with the CIC claim.

31. Seaton is entitled to a declaratory judgment, pursuant to 28 U.S.C. § 2201, *et seq.*, for the purpose of determining its rights with respect to the actual controversy between the parties set forth above and, in connection with this request, Seaton has no adequate remedy at law.

32. Seaton demands a declaration that Century/INA is bound under the facultative certificate to pay its reinsured share of any and all amounts paid or to be paid in the future by Seaton under the reinsured umbrella contract in connection with the CIC claim at issue.

**COUNT IV**

**AGAINST DEFENDANT CENTURY/INA**
**(BREACH OF CONTRACTUAL OBLIGATION TO SEATON**
**WITH RESPECT TO THE CHAMPION INTERNATIONAL CLAIM)**

33. Seaton incorporates herein by reference the allegations of Paragraphs 1 through 32 above, as if fully set forth herein.

34. Century/INA has improperly failed to make payment on the invoice submitted by Seaton under the facultative certificate for Century/INA's share of amounts paid by Seaton under the reinsured excess umbrella contract in connection with the CIC claim at issue.

35. By improperly failing to make any such payments, Century/INA has breached the contractual obligations that it owes to Seaton under the facultative certificate.

36. Century/INA presently owes the total principal amount of $452.80 to Seaton under the facultative certificate with respect to the CIC claim at issue.

37. Seaton has been damaged by Century/INA's breaches.

## COUNT V

### AGAINST DEFENDANT CENTRAL NATIONAL (DECLARATORY JUDGMENT IN FAVOR OF SEATON WITH RESPECT TO THE PFIZER CLAIM)

38. Seaton incorporates herein by reference the allegations of Paragraphs 1 through 37 above, as if fully set forth herein.

39. For the period from October 1, 1974 to October 1, 1975, Seaton issued an excess umbrella liability policy to Pfizer, Inc. ("Pfizer").

40. For the period from October 1, 1974 to October 1, 1975, Central National issued to Seaton a Certificate of Facultative Reinsurance numbered CNS 9 33 68, reinsuring Seaton for specified portions of the risk under the excess umbrella liability policy described in paragraph 39 that Seaton issued to Pfizer. A copy of that facultative certificate is attached hereto at Exhibit C.

41. In Item 4 of the Declarations, the facultative certificate CNS 9 33 68 states that the "Reinsurance Accepted" is "$250,000 part of $2 million part of $10 million excess of $40 million which [is] excess of self insured retention."

42. For the period from October 1, 1972 to at least October 1, 1975, Seaton issued excess umbrella liability policy to Pfizer.

43. For the period from October 1, 1974 to October 1, 1975, Central National issued to Seaton a Certificate of Facultative Reinsurance numbered CNS 9 33 71, reinsuring Seaton for specified portions of the risk under the excess umbrella liability policy described in paragraph 42 that Seaton issued to Pfizer. A copy of that facultative certificate is attached hereto at Exhibit D.

44. Facultative reinsurance certificate CNS 9 33 71 states that "the liability of [Central National]" is "specified in Item 4 of said Declarations." In Item 4 of the Declarations,

facultative certificate CNS 9 33 71 states that the "Reinsurance Accepted" is "$500,000.00 part of $10,000,000.00 excess of $10,000,000.00 which [is] excess of self insured retention."

45. Among other things, the facultative reinsurance certificates provided by Central National state that:

a. "[T]he liability of [Central National] . . . shall follow that of [Seaton] and shall be subject in all respects to all the terms and conditions of [the reinsured excess policies]."

b. "All loss settlements made by [Seaton], provided they are within the terms and conditions of the original policy(ies) and within the terms and conditions of this certificate of reinsurance, shall be binding on [Central National]."

c. "Upon receipt of a definitive states of loss, [Central National] shall promptly pay its proportion of such loss as set forth in the Declarations."

46. Pursuant to the terms of the reinsured excess umbrella liability policies described in paragraphs 39 and 42, Seaton indemnified Pfizer for a certain claim.

47. In accordance with the terms of the Central National facultative certificates, Seaton billed Central National for its proportion of such payments. To date, Seaton submitted no fewer than 4 invoices to Central National for approximately $134,079.48, which represents Central National's proportional share of indemnity payments made by Seaton to Pfizer under the reinsured excess umbrella liability policies.

48. Central National has failed and refused to pay any amounts demanded by Seaton in connection with the Pfizer claim.

49. Seaton is entitled to a declaratory judgment, pursuant to 28 U.S.C. § 2201, *et seq.*, for the purpose of determining its rights with respect to the actual controversy between the

parties set forth above and, in connection with this request, Seaton has no adequate remedy at law.

50. Seaton demands a declaration that Central National is bound under the facultative certificate to pay its reinsured share of any and all amounts paid or to be paid in the future by Seaton under the reinsured excess contracts in connection with the Pfizer claim at issue.

## COUNT VI

### AGAINST DEFENDANT CENTRAL NATIONAL (BREACH OF CONTRACTUAL OBLIGATION TO SEATON WITH RESPECT TO THE PFIZER CLAIM)

51. Seaton incorporates herein by reference the allegations of Paragraphs 1 through 50 above, as if fully set forth herein.

52. Central National has improperly failed to make payment on the invoices submitted to date by Seaton under the facultative certificates for Central National's share of amounts paid by Seaton under the reinsured excess umbrella liability contracts in connection with the Pfizer claim at issue.

53. By improperly failing to make any such payments, Central National has breached the contractual obligations that it owes to Seaton under the facultative certificates.

54. Central National presently owes the total principal amount of $134,079.48 to Seaton under the facultative certificates with respect to the Pfizer claim at issue.

55. Seaton has been damaged by Central National's breaches.

## COUNT VII

## AGAINST DEFENDANTS CENTURY/INA AND CENTRAL NATIONAL (ATTORNEYS' FEES)

56. Seaton incorporates herein by reference the allegations of Paragraphs 1 through 55 above, as if fully set forth herein.

57. Century/INA has failed to make payment to Seaton with respect to the Union Carbide and CIC claims in breach of its contractual obligations.

58. Central National has failed to make payment to Seaton with respect to the Pfizer claim in breach of its contractual obligations.

59. Century/INA and Central National have raised no justiciable issue of either law or fact as to Seaton's breach of contract claims against them.

60. Seaton is, therefore, entitled to attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45.

**WHEREFORE**, Seaton prays that this Court:

(A) Enter judgment that Century/INA and Central National have breached their contractual obligations to Seaton under the facultative certificates by failing to make payments on amounts that Seaton has properly billed to Century/INA with respect to the Union Carbide and CIC claims and to Central National with respect to the Pfizer claim;

(B) Award Seaton damages in the amount of the sum of all present arrearages as reflected in the billings submitted by Seaton to Century/INA and Central National;

(C) Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* that Century/INA is bound under the facultative certificates to pay its reinsured share of any and all

amounts paid or to be paid in the future by Seaton under the reinsured excess umbrella liability policies in connection with the payment of Union Carbide's and CIC's claims;

(D) Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* that Central National is bound under the facultative certificate to pay its reinsured share of any and all amounts paid or to be paid in the future by Seaton under the reinsured excess umbrella liability policy in connection with the payment of Pfizer's claim;

(E) Award Seaton attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45;

(F) Award Seaton interest and costs and disbursements for this action; and

(G) Award such other and further relief as it may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

SEATON INSURANCE COMPANY

By its Attorneys,

Gerald J. Petros (AMP)

Gerald J. Petros (#2931)
Anna M. Piazza (#7206)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. 401-274-2000
Fax. 401-277-9600
gpetros@haslaw.com
apiazza@haslaw.com

BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078
Tel: 973-379-4800
Fax: 973-379-7734

Dated: December 26, 2007.

857501