CERTIFICATE OF FACULTATIVE REINSURANCE ISSUED BY

FRC 01423

INA

## INSURANCE COMPANY OF NORTH AMERICA

~~1600 Arch Street~~
~~Philadelphia, Pennsylvania 19101~~
250 Broadway, New York, N. Y. 10007

### DECLARATIONS

CEDING COMPANY AND ADDRESS

Unigard Insurance Company
c/o Daniel J. Sweeney, Inc.
116 John Street
New York, New York 10038

INTERMEDIARY

ATTENTION

Mr. Daniel J. Sweeney
President

NAME OF INSURED: Union Carbide Corporation

RENEWAL OF CERTIFICATE NO. FRC

CITY / STATE: 270 Park Avenue, New York, N. Y. 10017

REPLACES CERTIFICATE NO. FRC

COMPANY POLICY NO.: 1-0573 ✓

POLICY PERIOD: February 1, 1973 to February 1, 1976 ✓

| | | | | |
|---|---|---|---|---|
| Excess Umbrella Liability | $15,000,000 CSL each occ.-agg. excess of $5,000,000 CSL each occ.-agg. which is excess of underlying insurance. | $14,000,000 CSL each occ.-agg. part of $15,000,000 CSL each occ.-agg. | $1,000,000 CSL each occ.-agg. part of $15,000,000 CSL each occ.-agg. excess of $5,000,000 CSL each occ.-agg. which is excess of underlying insurance. | Contributing Excess |

THE TERM OF THIS CERTIFICATE UNLESS TERMINATED BY CANCELLATION, SHALL BE FROM THE 1st DAY OF February, 19 73 TO THE 1st DAY OF February, 19 76

THE NET PREMIUM FOR THIS CERTIFICATE SHALL BE $ 7,550.00 [X] FIXED CHARGE [ ] DEPOSIT PREMIUM
payable in equal annual installments of $2,850. each

| | | | |
|---|---|---|---|
| | | | |

AUDIT PERIOD

MINIMUM PREMIUM FOR REINSURANCE PERIOD: $7,550.00

MINIMUM PREMIUM FOR CERTIFICATE: $500.00

COUNTERSIGNED AT New York, N. Y. THE 16th DAY OF March 19 73

JMS/af-3/16/73

INSURANCE COMPANY OF NORTH AMERICA

BY [signature]
AUTHORIZED SIGNATURE

C 2012 PTD IN U.S.A. 5-72

**PLEASE GIVE SPECIAL NOTICE OF THIS FACULTATIVE REINSURANCE TO YOUR CLAIM DEPARTMENT**

# INSURANCE COMPANY OF NORTH AMERICA
## 1600 Arch Street
## Philadelphia, Pennsylvania 19101

(herein called the Reinsurer)

In consideration of the payment of the premium, and subject to the terms, conditions and limits of liability set forth herein and in the Declarations made a part hereof, the Reinsurer does hereby reinsure the ceding company named in the Declarations (herein called the Company) in respect of the Company's policy as follows:

## REINSURING AGREEMENTS AND CONDITIONS

A. The Company warrants to retain for its own account, or that of its treaty reinsurer (s) the amount of liability specified in Item 3 of the Declarations, unless otherwise declared to the Reinsurer, and the liability of the Reinsurer specified in Item 4 of said Declarations shall follow that of the Company and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy except such as may purport to create a direct obligation of the Reinsurer to the original Insured. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

B. Prompt notice shall be given to the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance and, while the Reinsurer does not undertake to investigate or defend claims or suits it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance with the full cooperation of the Company.

C. All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements, and in addition thereto, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment, with respect to business accepted on an excess of loss basis and in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability with respect to business accepted on a pro rata basis, its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits and, with the prior consent of the Reinsurer to trial court proceedings, its proportion of court costs and interest on any judgment or award.

D. Payment of its proportion of loss and expense paid by the [illegible] will be made by the Reinsurer to the Company [illegible] proof of loss.

E. The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company, less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

F. The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate.

G. In the event of insolvency of the Company [illegible] ficate are amended to conform to the statute [illegible] States having jurisdiction to the extent they [illegible] hereunder may be credited to the Company as [illegible] from liability, it being understood that, subject [illegible] insurer may avail itself of any other provision of [illegible]

H. Cancellation of the policy of the Company [illegible] cancellation of this Certificate and it may also be cancelled [illegible] basis by either party mailing or delivering to the other written notice stating when, not less than Thirty (30) days thereafter, such cancellation shall be effective.

I. The terms of this Certificate shall not be [illegible] by endorsement issued to form a part hereof, [illegible] representative of the Reinsurer.

**In Witness Whereof,** the INSURANCE COMPANY OF NORTH AMERICA has caused this Reinsurance Certificate to be signed by its President and Secretary Treasurer at Phila., Penna. but the same shall not be binding upon the Reinsurer unless countersigned by an authorized representative of the Reinsurer.

Secretary

INA

# IN. JRANCE COMPANY OF NORTH AME A

In consideration of the payment of the premium as herein provided, Reinsuring Agreement "A" is amended to read as follows:
A. The Company warrants to retain for its own account or that of its reinsurer(s) the amount of liability specified in Item 3 of the Declarations, unless otherwise declared to the Reinsurer, and the liability of the Reinsurer specified in Item 4 of said Declarations shall follow that of the Company and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy except such as may purport to create a direct obligation of the Reinsurer to the original Insured. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

Nothing herein contained shall vary, alter or extend any provision or condition of the certificate other than as above stated.

| | | | |
|---|---|---|---|
| CEDING CO. | Unigard Insurance Company | | |
| NAME OF INSURED | Union Carbide Corporation | | |
| CERTIFICATE NO. FRC | 01423 | | |
| EFFECTIVE DATE: | 2/1/73 | ENDORSEMENT NO. | 1 |

JMS/af-3/16/73

Jack M. Doble
Authorized Agent

Charles K. Cox
President

C-2617 8/69 PRINTED IN U.S.A.