TOWERS, PERRIN, FORSTER & CROSBY, INC.
127 JOHN STREET, NEW YORK, NEW YORK 10038 (212) 747-0610

Number V01225
Renewal of New
Policy No. TBA

# Memorandum of Reinsurance

**REASSURED:** Unigard Mutual Insurance Company

**ASSURED:** Champion International Corporation
New York, New York

**COVERAGE AND ORIGINAL POLICY LIMITS:** Excess Umbrella Liability - $4,000,000 each occurrence/aggregate excess of $1,000,000.

**REINSURANCE ACCEPTED:** $1,000,000 part of $4,000,000 excess of $1,000,000

**TERM:** June 18, 1975 to October 31, 1975

**PREMIUM:** $5,180.00 being pro rata of the annual to the Reinsurer, less 22.5% ceding commission.

**CONDITIONS:** Subject to all terms and conditions of the Reinsurers' Certificate of Reinsurance to be issued in replacement of and superseding this Memorandum of Reinsurance.

**REINSURER:** As per Endorsement No. 1 attached 100%

6/11/75

TOWERS, PERRIN, FORSTER & CROSBY, INC. by Stephen Gandley

This will confirm that reinsurance has been effected as above subject to the Nuclear Incident Exclusion Clause(s) attached hereto and the clauses and conditions on the reverse side hereof. Immediate notice should be given to Towers, Perrin, Forster & Crosby, Inc. of any change in the original policy affecting this reinsurance or of any occurrence likely to give rise to a claim hereunder.

Please examine the above carefully and if incorrect return it immediately for correction

## WARRANTY CLAUSE

The Reassured warrants that it will retain for its own account, subject to excess and/or pro rata reinsurance contracts, the amount of liability specified hereon as the Retention, and the liability of the Reinsurer specified hereon as Reinsurance Accepted shall follow that of the Reassured and, except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Reassured's policy. The Reassured shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this reinsurance and shall have available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

## LOSS CLAUSE

Prompt notice shall be given by the Reassured of any occurrence which appears likely to involve this reinsurance and while the Reinsurer does not undertake to investigate or defend claims or suits it shall nevertheless have the right and be given the opportunity to associate with the Reassured and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Reassured.

All claims settlements when authorized by Towers, Perrin, Forster & Crosby, Inc., shall be binding on the Reinsurer which shall be bound to pay its proportion of such settlements, and in addition thereto, in the ratio that the Reinsurer's loss payment bears to the Reassured's gross loss payment, its proportion of expenses (excluding the Reassured's salaries and office expenses) incurred by the Reassured in the investigation and settlement of claims or suits and, with prior consent of the Reinsurer to trial court proceedings, its proportion of court costs and interest on any judgment or award.

Payments of its proportion of loss and expense paid by the Reassured will be made by the Reinsurer to the Reassured promptly following receipt of proof of loss.

The Reinsurer will be paid or credited by the Reassured with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Reassured less the actual cost (excluding the Reassured's salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded hereunder is on an excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

## TAX PROVISIONS

*(A and B applicable to the participation of Reinsurers subject to Federal Excise Tax)*

A. The Reinsurers have agreed to allow, for the purpose of paying the Federal Excise Tax, one per cent of the premium payable hereon to the extent such premium is subject to Federal Excise Tax.

B. In the event of any return of premium becoming due hereunder, the Reinsurers will deduct one per cent from the amount of the return; the Reassured or its broker hereunder should take steps to recover the tax from the U. S. Government.

C. In consideration of the terms under which this contract is issued, the Reassured undertakes not to claim any deduction of the premium hereon when making Canadian tax returns or when making tax returns, other than Income or Profits Tax returns, to any State or Territory of the United States of America or to the District of Columbia.

## INSOLVENCY CLAUSE

In the event of the insolvency of the Reassured, this reinsurance shall be payable directly to the Reassured, or to its liquidator, receiver, conservator or statutory successor on the basis of the liability of the Reassured without diminution because of the insolvency of the Reassured or because the liquidator, receiver, conservator or statutory successor of the Reassured has failed to pay all or a portion of any claim.

It is agreed, however, that the liquidator, receiver, conservator or statutory successor of the Reassured shall give written notice to the Reinsurers of the pendency of a claim against the Reassured indicating the policy or bond reinsured which claim would involve a possible liability on the part of the Reinsurers within a reasonable time after such claim is filed in the conservation or liquidation proceeding or in the receivership, and that during the pendency of such claim, the Reinsurers may investigate such claim and interpose, at their own expense, in the proceeding where such claim is to be adjudicated any defense or defenses that they may deem available to the Reassured or its liquidator, receiver, conservator or statutory successor. The expense thus incurred by the Reinsurers shall be chargeable, subject to the approval of the court, against the Reassured as part of the expense of conservation or liquidation to the extent of a pro rata share of the benefit which may accrue to the Reassured solely as a result of the defense undertaken by the Reinsurers.

## SERVICE OF SUIT CLAUSE

*(Not applicable to the participation of any Domestic Reinsurer)*

In the event of the failure of Reinsurers hereon to pay any amount claimed to be due hereunder, Reinsurers hereon, at the request of the Reassured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction; and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

Service of process in such suit may be made upon Mendes & Mount, 27 William Street, New York, New York, 10005, and in any suit instituted against any one of them upon this contract, Reinsurers will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

The above-named are authorized and directed to accept service of process on behalf of Reinsurers in any such suit and/or upon the request of the Reassured to give a written undertaking to the Reassured that they will enter a general appearance upon Reinsurers' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any State, Territory or District of the United States which makes provision therefor, Reinsurers hereon hereby designate the Superintendent, Commissioner, or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Reassured or any beneficiary hereunder arising out of this contract and hereby designate the above-named Mendes & Mount as the firm to whom the said officer is authorized to mail such process or a true copy thereof.

*(For Reassureds domiciled in Illinois, substitute the name of Herbert C. Brook, Attorney-in-fact, 186 South LaSalle Street, Chicago, Illinois 60603 in place of Mendes & Mount.)*

## CANCELLATION CLAUSE

Cancellation of the Reassured's policy shall constitute automatic cancellation of this reinsurance and it may also be cancelled on a pro rata basis by either party mailing or delivering to the other written notice stating when, not less than Thirty (30) days thereafter, such cancellation shall be effective.

## CHANGES

The terms of this reinsurance shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of Towers, Perrin, Forster & Crosby, Inc.