IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SEATON INSURANCE COMPANY, formerly known as Unigard Mutual Insurance Company,

Plaintiff,

v.

Civil Action No. 07-478

CENTURY INDEMNITY COMPANY (as successor to Insurance Company of North America) and CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA,

Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT**

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff, Seaton Insurance Company ("Seaton"), moves for entry of default against Defendant, Central National Insurance Company of Omaha ("Central National"), for its failure to answer or otherwise respond to Seaton's complaint.

## II. FACTS

On December 26, 2007, Seaton filed a complaint against Defendants, Century Indemnity Company and Central National. See Affidavit of Anna M. Piazza, attached as Exhibit 1, ¶ 3. Seaton served two copies of process on the Rhode Island Insurance Commissioner, as agent for service of process for Central National, on December 28, 2007. See R.I. Gen. Laws § 27-16-6(a) (providing that service of process on unauthorized foreign insurer shall be made by delivering to the Rhode Island Insurance Commissioner two copies of process); Aff. ¶ 4. Rosanne Pasquale

acknowledged receipt of process on behalf of the Rhode Island Insurance Commissioner. Id. ¶ 5. As required by statute, Seaton sent a copy of the summons and complaint to Central National by registered mail, return receipt requested, within ten days of service upon the Rhode Island Insurance Commissioner and filed an affidavit with the Court evidencing compliance with this procedure. See R.I. Gen. Laws § 27-16-6(b) (setting forth the aforementioned procedure); Aff. ¶ 6, 8. An agent for Central National signed the mail stub, acknowledging receipt of the process on January 8, 2008. Aff. ¶ 7.

On January 4, 2008, Seaton also served process on Central National by hand-delivering a copy of the summons and complaint to Steve Heidemen at Central National's headquarters in Omaha, Nebraska. Id. ¶ 9.

In a letter dated January 8, 2008, copying Seaton's counsel, a member of Central National's claims department stated "[p]lease note we have now received three copies of this suit." Id. ¶ 10. Nevertheless, as of February 4, 2008, Central National has not served an answer or otherwise responded to Seaton's complaint, or filed with the Court a response to Seaton's complaint. Id. ¶ 11.

## III. ANALYSIS

"A defendant must serve an answer within 20 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ P. 55(a).

Central National was served with process on January 4 and January 8, and as of January 8 acknowledged having received three copies of process. Aff. ¶¶ 7, 9-10. Calculating the deadline for a response from the last date on which Central National was served with process, January 8,

2008, Central National's response was due on January 31, 2008. See Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring response to complaint within twenty days of service); Fed. R. Civ. P. 6(e) (allowing three days for mailing). Central National has failed to serve a response to Seaton's complaint by this date, and therefore, default should enter.

## IV. CONCLUSION

WHEREFORE, this Court should enter default against Central National pursuant to Federal Rule of Civil Procedure 55(a) for its failure to answer or otherwise respond to Seaton's complaint.

SEATON INSURANCE COMPANY,

By their Attorneys,

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Anna M. Piazza (#7206)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. 401-274-2000
Fax. 401-277-9600
gpetros@haslaw.com
apiazza@haslaw.com

Mark Hoerrner, Esq.
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078
Tel: 973-379-4800
Fax: 973-379-7734

Dated: February 5, 2008.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2008, a copy of the foregoing Memorandum of Law in Support of its Request for Entry of Default was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Anna M. Piazza (#7206)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
gpetros@haslaw.com
apiazza@haslaw.com

869078 (60891-134770)