# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEATON INSURANCE COMPANY, f/k/a Unigard Mutual Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY INDEMNITY COMPANY (as successor to Insurance Company of North America) and CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA,<br><br>Defendants. | C.A. No. 07-478-S-LDA |

## ANSWER OF DEFENDANT CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA

Defendant ACE Property and Casualty Insurance Company on behalf of Central National Insurance Company of Omaha, but only as respects policies issued through Cravens, Dargan & Company, Pacific Coast ("Central National"), by and through its counsel, Partridge, Snow & Hahn LLP, answers as follows the Complaint of plaintiff Seaton Insurance Company ("Seaton"):

Unless specifically admitted, Central National generally denies the allegations of the Complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure. In response to any specific allegations contained in the introduction of the Complaint, Central National respectfully refers the Court to its specific responses to the individual allegations contained in the numbered paragraphs of the Complaint as set out below.

## PARTIES

1. Central National lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and on that basis denies them.

2. The allegations in Paragraph 2 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 2.

3. The allegations in Paragraph 3 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 3.

4. Central National admits that, at the time the alleged policies were issued, Central National Insurance Company of Omaha was organized under the laws of Nebraska with its principal place of business in Omaha, Nebraska.[1] Central National denies that it is a member of the ACE Group of insurance companies but admits that ACE Property and Casualty Insurance Company does business in Rhode Island. To the extent Paragraph 4 contains any remaining allegations, Central National lacks knowledge or information sufficient to form a belief as to the truth of those remaining allegations and on that basis denies them.

## JURISDICTION AND VENUE

5. Central National lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and on that basis denies them.

6. Central National lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and on that basis denies them.

## INTRODUCTION

7. Paragraph 7 contains legal assertions or conclusions to which no responsive pleading is required. To the extent a response is required, Central National denies the allegations in Paragraph 7.

[1] Cravens, Dargan & Company, Pacific Coast is a Delaware corporation.

**COUNT I**
**AGAINST DEFENDANT CENTURY/INA**
**(DECLARATORY JUDGMENT IN FAVOR OF SEATON WITH RESPECT TO THE UNION CARBIDE CLAIM)**

8. Central National repeats and realleges its responses to Paragraphs 1 through 7 as set forth above as if set forth fully herein.

9. The allegations in Paragraph 9 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 9.

10. The allegations in Paragraph 10 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 10.

11. The allegations in Paragraph 11 (including subparagraphs a through c) are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 11 (including subparagraphs a through c).

12. The allegations in Paragraph 12 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 12.

13. The allegations in Paragraph 13 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 13.

14. The allegations in Paragraph 14 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 14.

15. The allegations in Paragraph 15 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 15.

16. The allegations in Paragraph 16 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 16.

17. The allegations in Paragraph 17 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 17.

## COUNT II
## AGAINST DEFENDANT CENTURY/INA
## (BREACH OF CONTRACTUAL OBLIGATION TO SEATON WITH RESPECT TO THE UNION CARBIDE CLAIM)

18. Central National repeats and realleges its responses to Paragraphs 1 through 17 as set forth above as if set forth fully herein.

19. The allegations in Paragraph 19 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 19.

20. The allegations in Paragraph 20 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 20.

21. The allegations in Paragraph 21 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 21.

22. The allegations in Paragraph 22 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 22.

**COUNT III**
**AGAINST DEFENDANT CENTURY/INA**
**(DECLARATORY JUDGMENT IN FAVOR OF SEATON**
**WITH RESPECT TO THE CHAMPION INTERNATIONAL CLAIM)**

23. Central National repeats and realleges its responses to Paragraphs 1 through 22 as set forth above as if set forth fully herein.

24. The allegations in Paragraph 24 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 24.

25. The allegations in Paragraph 25 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 25.

26. The allegations in Paragraph 26 (including subparagraphs a through c) are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 26 (including subparagraphs a through c).

27. The allegations in Paragraph 27 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 27.

28. The allegations in Paragraph 28 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 28.

29. The allegations in Paragraph 29 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 29.

30. The allegations in Paragraph 30 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 30.

31. The allegations in Paragraph 31 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 31.

32. The allegations in Paragraph 32 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 32.

**COUNT IV**
**AGAINST DEFENDANT CENTURY/INA**
**(BREACH OF CONTRACTUAL OBLIGATION TO SEATON**
**WITH RESPECT TO THE CHAMPION INTERNATIONAL CLAIM)**

33. Central National repeats and realleges its responses to Paragraphs 1 through 32 as set forth above as if set forth fully herein.

34. The allegations in Paragraph 34 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 34.

35. The allegations in Paragraph 35 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 35.

36. The allegations in Paragraph 36 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 36.

37. The allegations in Paragraph 37 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 37.

**COUNT V**
**AGAINST DEFENDANT CENTRAL NATIONAL**
**(DECLARATORY JUDGMENT IN FAVOR OF SEATON WITH RESPECT TO THE PFIZER CLAIM)**

38. Central National repeats and realleges its responses to Paragraphs 1 through 37 as set forth above as if set forth fully herein.

39. Central National denies the allegations in Paragraph 39 except that Central National admits that Unigard Mutual Insurance Company ("Unigard") issued one or more insurance policies to Pfizer, Inc. and states that the terms of any insurance policy speak for themselves.

40. Central National denies the allegations in Paragraph 40 except that Central National admits that it entered into certain facultative reinsurance certificates with Unigard and states that the terms of those certificates speak for themselves.

41. Central National denies the allegations in Paragraph 41 except that Central National admits that it entered into certain facultative reinsurance certificates with Unigard and states that the terms of those certificates speak for themselves.

42. Central National denies the allegations in Paragraph 42 except that Central National admits that Unigard issued one or more insurance policies to Pfizer, Inc. and states that the terms of any insurance policy speak for themselves.

43. Central National denies the allegations in Paragraph 43 except that Central National admits that it entered into certain facultative reinsurance certificates with Unigard and states that the terms of those certificates speak for themselves.

44. Central National denies the allegations in Paragraph 44 except that Central National admits that it entered into certain facultative reinsurance certificates with Unigard and states that the terms of those certificates speak for themselves.

45. Central National denies the allegations in Paragraph 45 (including subparagraphs a through c) except that Central National admits that it entered into certain facultative reinsurance certificates with Unigard and states that the terms of those certificates speak for themselves.

46. Central National lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and on that basis denies them.

47. Central National denies the allegations contained in Paragraph 47.

48. Central National denies the allegations contained in Paragraph 48.

49. Paragraph 49 contains legal assertions or conclusions to which no responsive pleading is required. To the extent a response is required, Central National denies the allegations in Paragraph 49.

50. Central National denies that plaintiff is entitled to any of the relief sought in Paragraph 50 or in the prayer for relief section of the Complaint.

## COUNT VI
## AGAINST CENTRAL NATIONAL CENTRAL NATIONAL (BREACH OF CONTRACTUAL OBLIGATION TO SEATON WITH RESPECT TO THE PFIZER CLAIM)

51. Central National repeats and realleges its responses to Paragraphs 1 through 50 as set forth above as if set forth fully herein.

52. Central National denies the allegations contained in Paragraph 52.

53. Central National denies the allegations contained in Paragraph 53.

54. Central National denies the allegations contained in Paragraph 54.

55. Central National denies the allegations contained in Paragraph 55.

**COUNT VII**
**AGAINST CENTURY/INA AND CENTRAL NATIONAL**
**(ATTORNEYS' FEES)**

56. Central National repeats and realleges its responses to Paragraphs 1 through 55 as set forth above as if set forth fully herein.

57. The allegations in Paragraph 57 are not directed to Central National, and therefore no response is required. To the extent a response is required, Central National denies the allegations in Paragraph 57.

58. Central National denies the allegations contained in Paragraph 58.

59. To the extent the allegations in Paragraph 59 are directed to Central National, Central National denies the allegations contained in that paragraph. Central National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 and on that basis denies them.

60. Paragraph 60 contains legal assertions or conclusions to which no responsive pleading is required. To the extent a response is required, Central National denies the allegations in Paragraph 60 and denies that plaintiff is entitled to any of the relief sought in Paragraph 60 or in the prayer for relief section of the Complaint.

(Prayer for Relief)

Central National states that no response is required to Plaintiff's prayer for relief. To the extent that a response is deemed necessary, Central National denies that Plaintiff is entitled to any relief.

**FIRST DEFENSE**

61. The Court may not have subject-matter jurisdiction over Central National.

**SECOND DEFENSE**

62. Plaintiff has failed to state a claim against Central National upon which relief can be granted as to each and every cause of action alleged in the Complaint.

**THIRD DEFENSE**

63. Plaintiff's claims may be barred and/or precluded by, in whole or in part, and in any event, any possible relief is limited by, the provisions, terms, exclusions, conditions, definitions, endorsements, and limitations of the facultative certificates and/or such language as may be incorporated therein. In particular, but without limitation:

63.1 Coverage is or may be barred and/or precluded in whole or in part because there is or may have been no "occurrence" within the meaning of some or all of the facultative certificates;

63.2 Plaintiff failed or may have failed to comply with any or all conditions precedent and/or subsequent to alleged coverage under some or all of the facultative certificates, including, but not limited to, the conditions that it provide adequate and timely notice of occurrences likely to result in a claim and that it provide a definitive statement of loss as required by those contracts;

63.3 Coverage is or may be barred and/or precluded in whole or in part where payments made under the alleged excess umbrella liability policies were not consistent with the provisions, terms, exclusions, conditions, definitions, endorsements, and limitations of those contracts;

63.4 If any coverage were available under any of the facultative certificates, any such coverage would, in any event, be subject to the limits of the facultative certificates. No

coverage would be afforded under any facultative certificate until and unless the coverage underlying the facultative certificates had been properly exhausted. Similarly, any applicable deductible amounts or self-insured retentions would first have to be met before any coverage could be available. Moreover, any coverage otherwise available would be reduced or eliminated to the extent that the limits were otherwise impaired or exhausted by prior claims or underlying facultative certificates were not maintained in full force and effect; and

63.5 Any claims are or may be barred by the offset of any balances due between the parties under facultative reinsurance certificates or under any other agreement entered into between the parties.

**FOURTH DEFENSE**

64. Coverage is not or may not be available if, and to the extent that, Plaintiff's claims reflect voluntarily made payments.

**FIFTH DEFENSE**

65. There is no coverage under the facultative certificates for fines, penalties, certain consequential damages, punitive damages, and/or exemplary damages or claims arising out of intentional misconduct or activity in violation of law.

**SIXTH DEFENSE**

66. Pre-existing commutation agreements, settlement agreements, or claim-handling agreements may limit or otherwise impact the extent to which Plaintiff may be entitled to recover under the facultative certificates subject to such agreements.

**SEVENTH DEFENSE**

67. Any claims are or may be barred by intentional or unintentional failures by Plaintiff or its affiliates, their predecessors, parent companies, affiliates, agents, and/or brokers to represent and disclose fully and fairly the facts of their operations, including, but not limited to,

the actual and potential liabilities associated with the underlying policies of insurance and/or other material information. In the alternative, because of such failures to disclose, misrepresentations, mistakes, and/or any alleged policyholder's knowledge of reasonable detrimental reliance, it may be necessary in fairness and in equity to apply the doctrines of estoppel, rescission and/or reformation.

**EIGHTH DEFENSE**

68. To the extent that Central National is obligated to indemnify Plaintiff for some portion of a payment it has made to an underlying policyholder, Central National's obligation is limited to a proportionate share of such payment.

**NINTH DEFENSE**

69. Plaintiff's claims are or may be barred, in whole or in part, on the grounds of accord and satisfaction, payment or release.

**TENTH DEFENSE**

70. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of waiver.

**ELEVENTH DEFENSE**

71. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of estoppel.

**TWELFTH DEFENSE**

72. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of laches.

**THIRTEENTH DEFENSE**

73. Plaintiff's claims do not, in whole or in part, set forth an actual controversy upon which a declaratory judgment may be rendered to the extent Plaintiff seeks an advisory ruling on hypothetical grounds or that its claims are not ripe for adjudication.

**FOURTEENTH DEFENSE**

74. Some or all of Plaintiff's claims may be barred by applicable statutes of limitations.

**FIFTEENTH DEFENSE**

75. Plaintiff’s claims are barred to the extent that it is not a successor to the named reinsured under the certificates of reinsurance.

**SIXTEENTH DEFENSE**

76. Plaintiff’s claims may be subject to arbitration. Central National reserves the right to move to dismiss these claims in favor of arbitration.

**SEVENTEENTH DEFENSE**

77. Central National reserves its rights to all issues of choice of law, including the right to rely on any express choice of law provision in, or incorporated by, the facultative certificates and the right to assert any additional defenses that may be available under any law subsequently held applicable to this action.

**EIGHTEENTH DEFENSE**

78. Plaintiff's claims are or may be barred, in whole or in part, to the extent that Plaintiff’s acts or omissions, if any, in connection with the claims breached Plaintiff’s duty of good faith and fair dealing under the facultative certificates and/or constitute comparative bad faith.

**NINETEENTH DEFENSE**

79. Plaintiff's claims are or may be barred, in whole or in part, to the extent that Plaintiff's acts or omissions, if any, in connection with the claims breached Plaintiff's duty of utmost good faith under the facultative certificates.

**TWENTIETH DEFENSE**

80. To the extent Plaintiff destroyed evidence, lost evidence, allowed evidence to be lost, suppressed evidence, or failed to preserve evidence, Plaintiff's claims against Central National are barred in whole or in part.

**TWENTY-FIRST DEFENSE**

81. To the extent Plaintiff claims it is owed a duty or obligation by Central National, which duty or obligation is not expressly provided for in any of the policies, Plaintiff's claims in respect of such duty or obligation are or may be barred by the statute of frauds.

**TWENTY-SECOND DEFENSE**

82. Plaintiff is not entitled to recover attorneys' fees, costs, or expenses incurred in connection with this action.

**TWENTY-THIRD DEFENSE**

83. The Complaint does not describe the events and claims therein alleged with sufficient particularity to enable Central National to determine what defenses (including defenses based on the terms, conditions, limitations, or exclusions contained in or incorporated into the facultative certificates) may exist to such events and claims. Central National may have additional defenses that cannot now be articulated due to the fact that Central National does not have all the documents and information bearing on the coverage issues raised by this action. Because Central National cannot now assert all of the defenses it may have to coverage under the facultative certificates, it expressly reserves its right to reevaluate its defenses and/or to assert

additional defenses upon the particularization of Plaintiff's claims, upon discovery and review of additional documents and information, and upon the development of other pertinent facts

WHEREFORE, Central National requests as follows:

A. That Plaintiff take nothing and be granted no relief from Central National by reason of the claims asserted in the Complaint;

B. That the Complaint be dismissed with prejudice in its entirety as to Central National;

C. That Central National be awarded its costs of suit herein, including its reasonable attorneys' fees; and

D. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Central National hereby demands a trial by jury of all issues so triable.

ACE PROPERTY & CASUALTY INSURANCE COMPANY, on behalf of CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, but only as respects policies issued through Cravens, Dargan & Company, Pacific Coast

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com

DATED: February 8, 2008

*Of Counsel:*

Paul Kalish, Esq.
Jennifer R. Devery, Esq.
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 624-2534
(202) 628-5116 FAX
pkalish@crowell.com
jdevery@crowell.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ANSWER OF CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA was filed with the Clerk of the United States District Court for the District of Rhode Island this 8th day of February, 2008 and is available for viewing and downloading to the following ECF registered counsel of record:

Gerald J. Petros, Esq. / Hinckley, Allen & Snyder, LLP
gpetros@haslaw.com

Anna M. Piazza, Esq. / Hinckley, Allen & Snyder, LLP
apiazza@haslaw.com

/s/ Robert K. Taylor

966942_1/8031-2