# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEATON INSURANCE COMPANY, f/k/a Unigard Mutual Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY INDEMNITY COMPANY (as successor to Insurance Company of North America) and CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA,<br><br>Defendants. | C.A. No. 07-478-S-LDA |

## ANSWER OF DEFENDANT CENTURY INDEMNITY COMPANY

Defendant Century Indemnity Company as successor to CCI Insurance Company, successor to Insurance Company of North America ("Century"), by and through its counsel, Partridge, Snow & Hahn LLP, answers as follows the Complaint of Plaintiff Seaton Insurance Company ("Seaton"):

Unless specifically admitted, Century generally denies the allegations of the Complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure. In response to any specific allegations contained in the introduction of the Complaint, Century respectfully refers the Court to its specific responses to the individual allegations contained in the numbered paragraphs of the Complaint as set out below.

## PARTIES

1. Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and on that basis denies them.

2. Century admits the allegations contained in Paragraph 2.

3. Century admits the allegations contained in Paragraph 3.

4. The allegations contained in Paragraph 4 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 4.

**JURISDICTION AND VENUE**

5. Paragraph 5 contains legal assertions or conclusions to which no responsive pleading is required. To the extent a response is required, Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and on that basis denies them.

6. Paragraph 6 contains legal assertions or conclusions to which no responsive pleading is required. To the extent a response is required, Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and on that basis denies them.

**INTRODUCTION**

7. Paragraph 7 contains legal assertions or conclusions to which no responsive pleading is required. To the extent a response is required, Century denies the allegations contained in Paragraph 7.

**COUNT I**
**AGAINST DEFENDANT CENTURY/INA**
**(DECLARATORY JUDGMENT IN FAVOR OF SEATON**
**WITH RESPECT TO THE UNION CARBIDE CLAIM)**

8. Century repeats and realleges its responses to Paragraphs 1 through 7 as set forth above as if set forth fully herein.

9. Century denies the allegations contained in Paragraph 9 except that Century admits that Unigard Mutual Insurance Company ("Unigard") issued one or more insurance policies to Union Carbide Corporation and states that the terms of any insurance policy speak for themselves.

10. Century denies the allegations contained in Paragraph 10 except that Century admits that Insurance Company of North America ("INA") entered into one or more facultative reinsurance certificates with Unigard and states that the terms of those certificates speak for themselves.

11. Century denies the allegations contained in Paragraph 11 (including subparagraphs a through c) except that Century admits that it entered into certain facultative reinsurance certificates with Unigard and states that the terms of those certificates speak for themselves.

12. Century denies the allegations contained in Paragraph 12 except that Century admits that INA entered into certain facultative reinsurance certificates with Unigard and states that the terms of those certificates speak for themselves.

13. Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and on that basis denies them.

14. Century denies the allegations contained in Paragraph 14.

15. Century denies the allegations contained in Paragraph 15.

16. Paragraph 16 contains legal assertions or conclusions to which no responsive pleading is required. To the extent a response is required, Century denies the allegations contained in Paragraph 16.

17. Century denies that Plaintiff is entitled to any of the relief sought in Paragraph 17 or in the Prayer for Relief section of the Complaint.

## COUNT II
## AGAINST DEFENDANT CENTURY/INA
## (BREACH OF CONTRACTUAL OBLIGATION TO SEATON WITH RESPECT TO THE UNION CARBIDE CLAIM)

18. Century repeats and realleges its responses to Paragraphs 1 through 17 as set forth above as if set forth fully herein.

19. Century denies the allegations contained in Paragraph 19.

20. Century denies the allegations contained in Paragraph 20.

21. Century denies the allegations contained in Paragraph 21.

22. Century denies the allegations contained in Paragraph 22.

**COUNT III**
**AGAINST DEFENDANT CENTURY/INA**
**(DECLARATORY JUDGMENT IN FAVOR OF SEATON**
**WITH RESPECT TO THE CHAMPION INTERNATIONAL CLAIM)**

23. Century repeats and realleges its responses to Paragraphs 1 through 22 as set forth above as if set forth fully herein.

24. Century denies the allegations contained in Paragraph 24 except that Century admits that Unigard issued one or more insurance policies to Champion International Corporation and states that the terms of any insurance policy speak for themselves.

25. Century denies the allegations contained in Paragraph 25 except that Century admits that INA entered into certain facultative reinsurance certificates with Unigard and states that the terms of those certificates speak for themselves.

26. Century denies the allegations contained in Paragraph 26 (including subparagraphs a through c) except that Century admits that INA entered into certain facultative reinsurance certificates with Unigard and states that the terms of those certificates speak for themselves.

27. Century denies the allegations contained in Paragraph 27 except that Century admits that INA entered into certain facultative reinsurance certificates with Unigard and states that the terms of those certificates speak for themselves.

28. Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and on that basis denies them.

29. Century denies the allegations contained in Paragraph 29.

30. Century denies the allegations contained in Paragraph 30.

31. Paragraph 31 contains legal assertions or conclusions to which no responsive pleading is required. To the extent a response is required, Century denies the allegations contained in Paragraph 31.

32. Century denies that Plaintiff is entitled to any of the relief sought in Paragraph 32 or in the Prayer for Relief section of the Complaint.

**COUNT IV**
**AGAINST DEFENDANT CENTURY/INA**
**(BREACH OF CONTRACTUAL OBLIGATION TO SEATON**
**WITH RESPECT TO THE CHAMPION INTERNATIONAL CLAIM)**

33. Century repeats and realleges its responses to Paragraphs 1 through 32 as set forth above as if set forth fully herein.

34. Century denies the allegations contained in Paragraph 34.

35. Century denies the allegations contained in Paragraph 35.

36. Century denies the allegations contained in Paragraph 36.

37. Century denies the allegations contained in Paragraph 37.

**COUNT V**
**AGAINST DEFENDANT CENTRAL NATIONAL**
**(DECLARATORY JUDGMENT IN FAVOR OF SEATON**
**WITH RESPECT TO THE PFIZER CLAIM)**

38. Century repeats and realleges its responses to Paragraphs 1 through 37 as set forth above as if set forth fully herein.

39. The allegations contained in Paragraph 39 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 39.

40. The allegations contained in Paragraph 40 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 40.

41. The allegations contained in Paragraph 41 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 41.

42. The allegations contained in Paragraph 42 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 42.

43. The allegations contained in Paragraph 43 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 43.

44. The allegations contained in Paragraph 44 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 44.

45. The allegations contained in Paragraph 45 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 45.

46. The allegations contained in Paragraph 46 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 46.

47. The allegations contained in Paragraph 47 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 47.

48. The allegations contained in Paragraph 48 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 48.

49. The allegations contained in Paragraph 49 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 49.

50. The allegations contained in Paragraph 50 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 50.

**COUNT VI**
**AGAINST DEFENDANT CENTRAL NATIONAL**
**(BREACH OF CONTRACTUAL OBLIGATION TO SEATON**
**WITH RESPECT TO THE PFIZER CLAIM)**

51. Century repeats and realleges its responses to Paragraphs 1 through 50 as set forth above as if set forth fully herein.

52. The allegations contained in Paragraph 52 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 52.

53. The allegations contained in Paragraph 53 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 53.

54. The allegations contained in Paragraph 54 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 54.

55. The allegations contained in Paragraph 55 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 55.

**COUNT VII**
**AGAINST CENTURY/INA AND CENTRAL NATIONAL**
**(ATTORNEYS' FEES)**

56. Century repeats and realleges its responses to Paragraphs 1 through 55 as set forth above as if set forth fully herein.

57. Century denies the allegations contained in Paragraph 57.

58. The allegations contained in Paragraph 58 are not directed to Century, and therefore no response is required. To the extent a response is required, Century denies the allegations contained in Paragraph 58.

59. To the extent the allegations contained in Paragraph 59 are directed to Century, Century denies the allegations contained in that paragraph. To the extent the allegations contained in Paragraph 59 are not directed at Century, Century lacks knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

60. Paragraph 60 contains legal assertions or conclusions to which no responsive pleading is required. To the extent a response is required, Century denies the allegations contained in Paragraph 60 and denies that Plaintiff is entitled to any of the relief sought in Paragraph 60 or in the prayer for relief section of the Complaint.

(Prayer for Relief)

Century states that no response is required to Plaintiff's prayer for relief. To the extent that a response is deemed necessary, Century denies that Plaintiff is entitled to any relief.

**FIRST DEFENSE**

61. The Court may not have subject-matter jurisdiction over Plaintiff's claims.

**SECOND DEFENSE**

62. Plaintiff has failed to state a claim against Century upon which relief can be granted as to each and every cause of action alleged in the Complaint.

**THIRD DEFENSE**

63. Plaintiff's claims may be barred and/or precluded by, in whole or in part, and in any event, any possible relief is limited by, the provisions, terms, exclusions, conditions, definitions, endorsements, and limitations of the facultative certificates and/or such language as may be incorporated therein. In particular, but without limitation:

(a) Coverage is or may be barred and/or precluded in whole or in part because there is or may have been no "occurrence" within the meaning of some or all of the facultative certificates;

(b) Plaintiff failed or may have failed to comply with any or all conditions precedent and/or subsequent to alleged coverage under some or all of the facultative certificates, including, but not limited to, the conditions that it provide adequate and timely notice of occurrences likely to result in a claim and that it provide a definitive statement of loss as required by those contracts;

(c) Coverage is or may be barred and/or precluded in whole or in part where payments made under the alleged excess umbrella liability policies were not consistent with the provisions, terms, exclusions, conditions, definitions, endorsements, and limitations of those contracts;

(d) If any coverage were available under any of the facultative certificates, any such coverage would, in any event, be subject to the limits of the facultative certificates. No coverage would be afforded under any facultative certificate until and unless the coverage underlying the facultative certificates had been properly

exhausted. Similarly, any applicable deductible amounts or self-insured retentions would first have to be met before any coverage could be available. Moreover, any coverage otherwise available would be reduced or eliminated to the extent that the limits were otherwise impaired or exhausted by prior claims or underlying facultative certificates were not maintained in full force and effect; and

(e) Any claims are or may be barred by the offset of any balances due between the parties under facultative reinsurance certificates or under any other agreement entered into between the parties.

**FOURTH DEFENSE**

64. Coverage is not or may not be available if, and to the extent that, Plaintiff's claims reflect voluntarily made payments.

**FIFTH DEFENSE**

65. There is no coverage under the facultative certificates for fines, penalties, certain consequential damages, punitive damages, and/or exemplary damages or claims arising out of intentional misconduct or activity in violation of law.

**SIXTH DEFENSE**

66. Pre-existing commutation agreements, settlement agreements, or claim-handling agreements may limit or otherwise impact the extent to which Plaintiff may be entitled to recover under the facultative certificates subject to such agreements.

**SEVENTH DEFENSE**

67. Any claims are or may be barred by intentional or unintentional failures by Plaintiff or its affiliates, their predecessors, parent companies, affiliates, agents, and/or brokers to represent and disclose fully and fairly the facts of their operations, including, but not limited to, the actual and potential liabilities associated with the underlying policies of insurance and/or other material information. In the alternative, because of such failures to disclose,

misrepresentations, mistakes, and/or any alleged policyholder's knowledge of reasonable detrimental reliance, it may be necessary in fairness and in equity to apply the doctrines of estoppel, rescission and/or reformation.

**EIGHTH DEFENSE**

68. To the extent that Century is obligated to indemnify Plaintiff for some portion of a payment it has made to an underlying policyholder, Century's obligation is limited to a proportionate share of such payment.

**NINTH DEFENSE**

69. Plaintiff's claims are or may be barred, in whole or in part, on the grounds of accord and satisfaction, payment or release.

**TENTH DEFENSE**

70. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of waiver.

**ELEVENTH DEFENSE**

71. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of estoppel.

**TWELFTH DEFENSE**

72. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of laches.

**THIRTEENTH DEFENSE**

73. Plaintiff's claims do not, in whole or in part, set forth an actual controversy upon which a declaratory judgment may be rendered to the extent Plaintiff seeks an advisory ruling on hypothetical grounds or that its claims are not ripe for adjudication.

**FOURTEENTH DEFENSE**

74. Some or all of Plaintiff's claims may be barred by applicable statutes of limitations.

**FIFTEENTH DEFENSE**

75. Plaintiff's claims are barred to the extent that it is not a successor to the named reinsured under the certificates of reinsurance.

**SIXTEENTH DEFENSE**

76. Plaintiff's claims may be subject to arbitration. Century reserves the right to move to dismiss these claims in favor of arbitration.

**SEVENTEENTH DEFENSE**

77. Century reserves its rights to all issues of choice of law, including the right to rely on any express choice of law provision in, or incorporated by, the facultative certificates and the right to assert any additional defenses that may be available under any law subsequently held applicable to this action.

**EIGHTEENTH DEFENSE**

78. Plaintiff's claims are or may be barred, in whole or in part, to the extent that Plaintiff's acts or omissions, if any, in connection with the claims breached Plaintiff's duty of good faith and fair dealing under the facultative certificates and/or constitute comparative bad faith.

**NINETEENTH DEFENSE**

79. Plaintiff's claims are or may be barred, in whole or in part, to the extent that Plaintiff's acts or omissions, if any, in connection with the claims breached Plaintiff's duty of utmost good faith under the facultative certificates.

**TWENTIETH DEFENSE**

80. To the extent Plaintiff destroyed evidence, lost evidence, allowed evidence to be lost, suppressed evidence, or failed to preserve evidence, Plaintiff's claims against Century are barred in whole or in part.

**TWENTY-FIRST DEFENSE**

81. To the extent Plaintiff claims it is owed a duty or obligation by Century, which duty or obligation is not expressly provided for in any of the policies, Plaintiff's claims in respect of such duty or obligation are or may be barred by the statute of frauds.

**TWENTY-SECOND DEFENSE**

82. Plaintiff is not entitled to recover attorneys' fees, costs, or expenses incurred in connection with this action.

**TWENTY-THIRD DEFENSE**

83. The Complaint does not describe the events and claims therein alleged with sufficient particularity to enable Century to determine what defenses (including defenses based on the terms, conditions, limitations, or exclusions contained in or incorporated into the facultative certificates) may exist to such events and claims. Century may have additional defenses that cannot now be articulated due to the fact that Century does not have all the documents and information bearing on the coverage issues raised by this action. Because Century cannot now assert all of the defenses it may have to coverage under the facultative certificates, it expressly reserves its right to reevaluate its defenses and/or to assert additional defenses upon the particularization of Plaintiff's claims, upon discovery and review of additional documents and information, and upon the development of other pertinent facts.

## REQUEST FOR RELIEF

WHEREFORE, Century requests as follows:

A. That Plaintiff take nothing and be granted no relief from Century by reason of the claims asserted in the Complaint;

B. That the Complaint be dismissed with prejudice in its entirety as to Century;

C. That Century be awarded its costs of suit herein, including its reasonable attorneys' fees; and

D. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Century hereby demands a trial by jury of all issues so triable.

CENTURY INDEMNITY COMPANY as successor to CCI Insurance Company, successor to Insurance Company of North America

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com

DATED: February 20, 2008

*Of Counsel*

Paul Kalish, Esq.
Jennifer R. Devery, Esq.
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 624-2534
(202) 628-5116 FAX
pkalish@crowell.com
jdevery@crowell.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ANSWER OF DEFENDANT CENTURY INDEMNITY COMPANY was filed with the Clerk of the United States District Court for the District of Rhode Island this 20th day of February, 2008 and is available for viewing and downloading to the following ECF registered counsel of record:

Gerald J. Petros, Esq. / Hinckley, Allen & Snyder, LLP
gpetros@haslaw.com

Anna M. Piazza, Esq. / Hinckley, Allen & Snyder, LLP
apiazza@haslaw.com

/s/ Robert K. Taylor

968901_1/8124-3