**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SEATON INSURANCE COMPANY, formerly known as Unigard Mutual Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY INDEMNITY COMPANY (as successor to Insurance Company of North America) and CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA,<br><br>Defendants. | Civil Action No.: 07-478 |

**PLAINTIFF'S ELEMENTS OF CLAIM**

Pursuant to Local Rule 16(c) and this Court's Notice dated February 8, 2008, Plaintiff Seaton Insurance Company hereby enumerates the elements necessary to sustain its claim. Briefly stated, this action concerns Defendants' failure to pay claims under a series of facultative reinsurance contracts that Defendants (the "reinsurers") issued to Plaintiff (the "cedent").

**Counts II, IV, VI - Breach of Contract**

Under Rhode Island law, the elements of a breach of contract claim are: (1) the existence of a contract; (2) breach; and (3) damages. Petrarca v. Fidelity & Cas. Ins. Co., 884 A.2d 406, 410 (R.I. 2005). An insurer (or reinsurer) breaches a contract when, among other things, it fails to pay the insured (or the cedent) when the contract so requires. See, e.g., Insurance Co. of North America v. Kayser-Roth Corp., 770 A.2d 403, 405 (R.I. 2001).

The reinsurance contracts at issue contain "following form" clauses under which "concurrency between the policy of reinsurance and the reinsured policy is presumed, such that a policy of reinsurance will be construed as offering the same terms, conditions and scope of coverage as exist in the reinsured policy, i.e., in the absence of explicit language to the contrary."

Commercial Union Ins. Co. v. Swiss Reinsurance America Corp., 413 F.3d 121, 128 (1st Cir. 2005) (citing Aetna Cas. & Sur. Co. v. Home Ins. Co., 882 F. Supp. 1328, 1337 (S.D.N.Y. 1995)).

The reinsurance contracts also contain "follow-the-settlements" provisions that "are designed to give the cedent reasonable latitude to settle claims against it by the primary insured and to bind the reinsurer (in some measure) from contesting the extent of the cedent's liability to the primary insured." Swiss Re, 413 F.3d at 124; Commercial Union Ins. Co. v. Seven Provinces Ins. Co., 9 F. Supp.2d 49, 66 (D. Mass. 1998). The "follow-the-settlements" provisions "preclude the reinsurer from challenging a cedent's decision to settle so long as the settlement is 'reasonably within the terms of the [cedent's] policy, even if not technically covered by it' and so long as the cedent has acted in good faith." American Employers Ins. Co. v. Swiss Reins. America Corp., 413 F.3d 129, 132 (1st Cir. 2005); Swiss Re, 413 F.3d at 127.

Applying the "follow-the-settlements" provisions, the reinsurer cannot dispute the cedent's good faith interpretation of policy terms, or its good faith determination that a risk was covered by underlying insurance. Seven Provinces, 9 F. Supp.2d at 66. In order to avoid payment on a claim, the reinsurer must demonstrate the cedent's "gross negligence or recklessness," or that the underlying settlement was not ever "arguably" within the scope of reinsurance coverage. Id.

**Counts I, III, V - Declaratory Judgment**

Under 28 U.S.C. § 2201, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a) (2005); ACandS, Inc. v. Aetna Casualty & Surety

Co., 666 F.2d 819, 822 (3d Cir. 1981). A Federal Court has authority to grant declaratory relief when the dispute between the insurer and the insured (or the cedent and reinsurer) "is real and concrete . . . [and] the factors that will determine the relative duties and benefits under the insurance contract are independent of the underlying claims and are being presented in an adversarial context by parties with adverse interests." ACandS, 666 F.2d at 822-23; State of Rhode Island v. Narragansett Indian Tribe, 19 F.3d 685, 693 (1st Cir. 1994). Further, a Federal Court has authority to grant declaratory relief if "granting relief would serve a useful purpose, or, put another way, whether the sought-after declaration would be of practical assistance in setting the underlying controversy to rest." Narragansett, 19 F.3d at 693.

**Count VII – Attorneys Fees**

A Rhode Island Court has authority to grant attorneys fees to the prevailing party in actions involving a breach of contract if the Court "finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party." R.I. Gen. Laws, §9-1-45; Kells v. Town of Lincoln, 874 A.2d 204, 214 (R.I. 2005).

SEATON INSURANCE COMPANY

Respectfully submitted by its attorneys:

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Anna M. Piazza (#7206)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
Phone: (401) 274-2000
Fax: (401) 277-9600
gpetros@haslaw.com
apiazza@haslaw.com

Joseph J. Schiavone (admitted pro hac vice)
Mark D. Hoerrner (admitted pro hac vice)
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
Phone: (973) 379-4800
Fax: (973) 379-7734
jschiavone@budd-larner.com
mhoerrner@budd-larner.com

Dated: March 25, 2008

**CERTIFICATE OF SERVICE**

To:

Robert K. Taylor, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903-7104
rkt@psh.com

I hereby certify that on March 25, 2008, a copy of the foregoing Plaintiff's Elements of Claim was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Anna M. Piazza (#7206)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (fax)
gpetros@haslaw.com
apiazza@haslaw.com