# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEATON INSURANCE COMPANY,<br>f/k/a Unigard Mutual Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY INDEMNITY COMPANY (as Successor to Insurance Company of North America) and CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA,<br><br>Defendants. | C.A. No. 07-478-S-LDA |

**RULE 16 STATEMENT OF CENTURY INDEMNITY COMPANY AND CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA**

**A. Status of Proceedings**

Plaintiff Seaton Insurance Company, formerly known as Unigard Mutual Insurance Company ("Seaton"), filed its complaint against defendants Century Indemnity Company (as successor to Insurance Company of North America) ("Century") and Central National Insurance Company of Omaha ("Central National") (together, "Defendants" or "ACE USA Companies"), on December 27, 2007. Pursuant to agreements between counsel, Central National filed its answer on February 8, 2008, and Century filed its answer on February 20, 2008.

Currently pending before this Court in a related case are issues stemming from the ACE USA Companies' right to retain its chosen counsel. *See Seaton Ins. Co. v. Illinois Union Ins. Co.*, 07-332-S-DLM. The resolution of these issues may impact this litigation as well. At this time, undersigned counsel continues to be the counsel of record for Defendants in this matter.

**B. <u>Statement of Claims</u>**

In its complaint, Seaton seeks in excess of $3 million from Defendants allegedly due under four facultative reinsurance certificates issued to Unigard Mutual Insurance Company:

- Certificate No. 01423, issued by Insurance Company of America ("INA") in respect of Unigard's policyholder Union Carbide Corp., and pursuant to which Seaton seeks recovery of $3,012,581.20;
- Certificate No. V01225, which is alleged to have been issued by INA[1] in respect of Unigard's policyholder Champion International Corp., and pursuant to which Seaton seeks recovery of $452.80; and
- Certificate Nos. CNS 9-33-68 and CNS 9-33-71, both issued by Central National in respect of Unigard's policyholder Pfizer, Inc., and pursuant to which Seaton collectively seeks recovery of $134,079.48.

Seaton alleges breach of contract under each of the four reinsurance contracts and requests declaratory relief to establish the parties' rights and obligations on these contracts going forward. In addition to these claims, Seaton seeks attorneys' fees pursuant to R.I. Gen Laws §9-1-45.

Because the parties have not yet exchanged Initial Disclosures in this case or pursued any type of discovery, Defendants know relatively little about the potential coverage issues that may arise. Defendants have asserted certain defenses to coverage in their answers to Seaton's complaint and hope to narrow the scope of those defenses as discovery proceeds.

In that regard, Defendants are in the process of compiling their available documents relating to the alleged reinsurance contracts. After Initial Disclosures have been

[1] The cover note of reinsurance attached to Seaton's Complaint as Attachment B does not identify the reinsurer of the underlying Champion International policy.

made, the parties will be in a position to better identify any factual and legal issues in dispute and tailor the scope of further discovery accordingly. After the Initial Disclosures, the parties should also be able to discuss the possibility of settlement or the use of alternative dispute resolution.

CENTURY INDEMNITY COMPANY (as successor to Insurance Company of North America) and CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA

By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com

DATED: April 29, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing RULE 16 STATEMENT OF CENTURY INDEMNITY COMPANY AND CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA was filed with the Clerk of the United States District Court for the District of Rhode Island this 29th day of April, 2008 and is available for viewing and downloading to the following ECF registered counsel of record:

Gerald J. Petros, Esq. / Hinckley, Allen & Snyder, LLP
gpetros@haslaw.com

Anna M. Piazza, Esq. / Hinckley, Allen & Snyder, LLP
apiazza@haslaw.com

/s/ Robert K. Taylor

982364_1/8124-3